[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11367
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-20159-JIC

ANDREW HUTCHINSON,

Plaintiff-Appellant,

versus

SANJAY RAZDAN,
a.k.a. Rasner,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 28, 2014)

Before WILSON, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Andrew Hutchinson, a state prisoner proceeding pro se, appeals the district court's decision to grant summary judgment in favor of Dr. Sanjay Razdan on Hutchinson's Eighth Amendment claims of deliberate indifference to his serious medical needs.  On appeal, Hutchinson argues that summary judgment was improper because he never gave fully informed consent to the October 14, 2008 surgery that Dr. Razdan performed to treat Hutchinson's enlarged prostate.  Also, Hutchinson contends that the district court erred when it granted summary judgment because the post-operative report from that surgery was never produced, the absence of which Hutchinson claims is sufficient to establish that Dr. Razdan was deliberately indifferent.  Upon a thorough review of the record and after consideration of the parties' briefs, we affirm.

## I.    Background

In May 2007, Hutchinson started to notice blood in his urine.  He was eventually referred to Dr. Razdan by heath care providers at Dade Correctional Institution.  Dr. Razdan examined Hutchinson and determined that he had bladder stones and an enlarged prostate.  In June 2008, Dr. Razdan removed the bladder stones by laser surgery.  A few months later, Hutchinson returned for surgery for his enlarged prostate.  This surgery, Holmium Laser Enucleation and Ablation of the Prostate (HoLEAP), was performed on October 14, 2008.

2

Several months later, Hutchinson returned to Dr. Razdan and told the doctor that since the first surgery he had been unable to obtain an erection or ejaculate. Subsequently, Hutchinson brought a claim under 42 U.S.C. § 1983 alleging that Dr. Razdan was deliberately indifferent to Hutchinson's serious medical needs in violation of his Eighth Amendment rights. The district court granted Dr. Razdan's motion for summary judgment, finding that Dr. Razdan was not deliberately indifferent and that Hutchinson gave informed consent for the HoLEAP surgery. This appeal followed.

## II.    Standard of Review

We review de novo a district court's grant of summary judgment, considering all the facts and reasonable inferences in the light most favorable to the non-moving party. *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009). A district court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[G]enuine disputes of facts are those in which the evidence is such that a reasonable jury could return a verdict for the non-movant. For factual issues to be considered genuine, they must have a real basis in the record." *Mann*, 588 F.3d at 1303 (internal quotation marks omitted).

## III.    Discussion

Generally, to state a claim under § 1983, a plaintiff must adequately allege "that he . . . was deprived of a federal right by a person acting under color of state law." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001); *see* 42 U.S.C. § 1983. "Section 1983 creates no substantive rights; it merely provides a remedy for deprivations of federal statutory and constitutional rights." *Almand v. DeKalb Cnty.*, 103 F.3d 1510, 1512 (11th Cir. 1997).

The Eighth Amendment of the United States Constitution forbids "cruel and unusual punishments." U.S. Const. amend. VIII. The Eighth Amendment is applicable to the states through the Fourteenth Amendment's due process clause. *Campbell v. Johnson*, 586 F.3d 835, 842 (11th Cir. 2009) (per curiam). The Supreme Court has interpreted the Eighth Amendment to include "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976). "This conclusion does not mean, however, that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105, 97 S. Ct. at 291.

For medical treatment to rise to the level of a constitutional violation, the care must be "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) (internal quotation marks omitted). To prove that Dr. Razdan was deliberately indifferent to his serious medical need, Hutchinson

4

"had to prove (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." *Townsend v. Jefferson Cnty.*, 601 F.3d 1152, 1158 (11th Cir. 2010) (alteration in original) (internal quotation marks omitted).

Here, the district court's grant of summary judgment was appropriate because Hutchinson failed to establish that Dr. Razdan was deliberately indifferent. Hutchinson has offered no evidence that Dr. Razdan provided grossly inadequate care, or delayed treatment for Hutchinson's bladder stones or enlarged prostate. *See McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999) (deliberately indifferent conduct could include grossly inadequate care or a delay in treatment). Dr. Razdan timely and appropriately examined Hutchinson and diagnosed the cause of the blood in his urine. He then successfully treated the problem, removing the bladder stones and relieving the enlarged prostate. Further, in post-operation follow-up appointments, Hutchinson reported that he was pleased with the results of the surgery.

Moreover, the unavailability of a post-operative report for the prostate surgery does not change the fact that Dr. Razdan's diagnosis and treatment of Hutchinson's prostate resolved the urination difficulties of which he complained. Hutchinson has failed to demonstrate that the production of such report would show (1) Dr. Razdan's subjective knowledge of serious harm relating to

5

Hutchinson's underlying medical need; (2) Dr. Razdan's disregard of that risk; and (3) that Dr. Razdan's conduct amounted to more than gross negligence. *See Townsend*, 601 F.3d at 1158.

We also note that Hutchinson signed a consent form indicating that he had received an explanation of the nature of the procedure, its risks, possible alternatives, and potential problems related to recuperation. Thus, the district court properly rejected Hutchinson's claim that he did not provide informed consent for the HoLEAP surgery.

The record will not support a finding of deliberate indifference. Dr. Razdan acted reasonably in treating Hutchinson's complaints, and Hutchinson failed to produce evidence to the contrary.

**AFFIRMED.**